## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN SIMMONS,

              *Plaintiff*,

   v.

SIMPSON HOUSE, INC. *et al.*,

              *Defendants*.

CIVIL ACTION
No. 15-06636

**PAPPERT, J.**                                                      **November 18, 2016**

### <u>MEMORANDUM</u>

John Simmons, in his own right and as the Administrator of his mother's estate, filed this lawsuit alleging negligence, wrongful death and survival claims against a nursing home, two hospitals and an individual, Dr. Waheeda Ali.[1]  Before the Court is Dr. Ali's motion to dismiss. Simmons did not add Dr. Ali as a defendant in this case until his second amended complaint. There are no factual allegations against Dr. Ali anywhere in that pleading.  Her name appears in the caption and then in the titles of the two counts brought against her.  Simmons never states what Dr. Ali did or didn't do to contribute to his mother's death.  Regardless, any purported claims against Dr. Ali are time barred.  Dr. Ali's motion is granted and she is dismissed, with prejudice, from the case.

### I.

John Simmons filed his original complaint on December 15, 2015 against Defendants Simpson House, Inc., Simpson House Foundation, Solis Healthcare, LLC and Prime Healthcare Services-Roxborough, LLC alleging various state law claims of negligence, wrongful death and survival related to his late mother's allegedly improper care in Defendants' nursing home facility

---

[1]  Simmons refers to Defendant Ali as "Ali Waheeda" in both his complaint and response to this motion while Defendant Ali refers to herself as "Waheeda Ali."

and hospitals.  (ECF No. 1.)  Defendants filed motions to dismiss the complaint for failure to

state a claim.  (ECF Nos. 6 & 14.)  On April 21, 2016 the Court granted the motions but gave

Simmons leave to file an amended complaint.  (ECF No. 26.)

Simmons filed an amended complaint against Simpson House, Inc., Simpson House

Foundation and Prime Healthcare Services-Roxborough, LLC on May 23, 2016.  (ECF No. 29.)

On June 8, 2016 Simpson House filed a motion to dismiss the amended complaint, in part

because Simmons failed to join an indispensable party—Kindred Hospital-South Philadelphia.

Two days later, Simmons filed a "Petition to Amend/Correct Caption and Complaint" and

specifically sought to join Dr. Waheeda Ali, Kindred Healthcare, Inc. and Kindred Hospital-

South Philadelphia as new defendants.  (ECF No. 31.)

On June 30, 2016 the Court denied Simmons's Petition.  It directed Simmons to seek

Defendants' consent or to file a proper motion for leave to amend under Federal Rule of Civil

Procedure 15.  (ECF No. 36.)  The Court also noted that this new proposed complaint went "well

beyond" joining these new Defendants.  (*Id.*)  Rather, "Simmons added and altered material

allegations against both existing Defendants, and alleged a new claim against Simpson House

under the Unfair Trade Practices and Consumer Protection Act."  (*Id.*)

On July 8, 2016 Simmons moved for leave to file an amended complaint under Rule 15.

(ECF No. 37.)  The Court granted leave to amend on July 28, 2016, (ECF Nos. 31-4 & 31-5),

and deemed the amended complaint filed as of the same date.  (ECF No. 45.)  This amended

complaint is really Simmons's second amended complaint, and it is the operative complaint

before the Court.[2]

---

[2]    Meanwhile, Simmons filed a Writ of Summons in the Philadelphia County Court of Common Pleas on May 6, 2016.  He thereafter filed a nearly identical complaint in the state court on August 11, 2016 against Simpson House, Inc., Simpson House Foundation, Prime Healthcare Services-Roxborough, LLC, Kindred Healthcare, Inc.

**II.**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation omitted). While a complaint need not include detailed facts, it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

*Twombly* and *Iqbal* require the Court to take three steps to determine whether the second amended complaint will survive Defendants' motion to dismiss. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, it must "take note of the elements the plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Next, it must identify the allegations that are no more than legal conclusions and thus "not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, where the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, ___ F.3d ____, No. 15-3491, 2016 WL 5799656, at *8 (3d Cir. Oct. 5, 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.* This plausibility determination is a "context-specific task

---

and Kindred Hospital-South Philadelphia. Defendants removed the action to this Court on September 9, 2016. (No. 16-04855, ECF No. 1.)

that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

This plausibility standard, however, "does not impose a heightened pleading requirement" and does not require a plaintiff to plead specific facts. *Id.* In other words, "courts cannot inject evidentiary issues into the plausibility determination." *Id.* The Third Circuit has also made it clear that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss" because a "prima facie case is an evidentiary standard, not a pleading requirement and hence is not proper measure of whether a complaint fails to state a claim." *Connelly*, 809 F.3d at 789 (internal quotations and citations omitted). Instead, a plaintiff should plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Id.* (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)).

## III.

Simmons brings claims against Dr. Ali for wrongful death and survival under Pennsylvania law. *See* (2d Am. Compl. ¶¶ 193–201); *see also* 42 Pa. Cons. Stat. § 8301; *id.* § 8302. Dr. Ali argues, *inter alia*, that the claims should be dismissed because the statute of limitations has run. As an initial matter, because this is a diversity case, the Court must apply the substantive law of the forum state, Pennsylvania. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Statutes of limitations are substantive law under *Erie*. *See Guaranty Tr. Co. v. York*, 326 U.S. 99, 110 (1945). In Pennsylvania, there is a two year statute of limitations for most tort actions, including claims for wrongful death and survival. *See* 42 Pa. Cons. Stat. § 5524; *see also Vitalo v. Cabot Corp.*, 399 F.3d 536, 542 (3d Cir. 2005).

While a statute of limitations defense should normally be pleaded in the answer, the Third Circuit Court of Appeals "permit[s] a limitations defense to be raised by a motion under Rule 12(b)(6) . . . if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Hanna v. U.S. Veterans' Admin. Hops.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). "However, if the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.* (quotation omitted).

Simmons alleges in his complaint that his mother died on July 12, 2014.  (2d. Am. Compl. ¶ 4.)  Simmons filed his second amended complaint—the first complaint to name Dr. Ali—on July 28, 2016. *See* (ECF No. 45).  Simmons does not dispute these dates or the application of Pennsylvania law, but instead argues that 28 U.S.C. § 1367(d) tolls the statute of limitations while the Plaintiff's claims are pending before the Court.  (Pl.'s Resp., ECF No. 62, at 6–7.)  Simmons also argues that the limitations period should be tolled because he sought to add Dr. Ali as a defendant on July 8, 2016.  Both arguments are meritless.

First, § 1367(d) is inapplicable here.  Section 1367(d) tolls the limitations period for state law claims that are pending before a federal court under supplemental jurisdiction.  In the event that a federal court dismisses all federal question claims and declines to exercise supplemental jurisdiction on the remaining state law claims, § 1367(d) allows a plaintiff time to bring the state law claim in state court.  *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).  Here, Simmons has brought *only* state law claims based on the parties' diversity of citizenship.  The Court's jurisdiction over the state law claims is not supplemental and § 1367(d)'s tolling provision is inapplicable.  *See* 28 U.S.C. § 1332.

Even if § 1367(d) applied, Simmons's argument would still fail because the provision operates to toll only the state law claims that are pending in the case.  Here, Simmons sought to add two additional claims against a new party in his second amended complaint after the statute of limitations had already run.  Section 1367(d) does not toll the statute of limitations for claims that have already expired and that have not yet been asserted in the federal case under supplemental jurisdiction.

Simmons's argument that moving for leave to amend before the statute of limitations expired tolled the statute is also incorrect.  *See Schach v. Ford Motor Co.*, 210 F.R.D. 522, 523 (M.D. Pa 2002) (citing *Aivazoglou v. Drever Furnaces*, 613 A.2d 595, 598–600 (Pa. Super. Ct. 1992); *see also Poole v. Marks*, 441 F. App'x 854, 857 (3d Cir. 2011) ("In Pennsylvania, judicial extensions of the statute of limitations are expressly forbidden absent fraud or its equivalent.").

Finally, although Simmons does not argue that the second amended complaint relates back under Rule 15(c) of the Federal Rules of Civil Procedure, it does not.[3]  Rule 15(c)(1)(C) "governs the circumstances in which an amended pleading that 'changes the party or the naming of the party against whom a claim is asserted' relates back to the date of the initial pleading." *In re Cmty. Bank of N. Virginia*, 622 F.3d 275, 295 (3d Cir. 2010) (quoting Fed. R. Civ. P. 15(c)(1)(C)).  The Third Circuit has interpreted Rule 15(c) to "allow for the addition of a new party." *Lundy v. Admar of N.J., Inc.*, 34 F.3d 1173, 1193 (3d Cir. 1994) (citing *Bloomfield Mech. Contracting, Inc. v. Occupational Safety & Health Review Comm'n*, 519 F.2d 1257, 1262 (3d Cir. 1975)).

To satisfy Rule 15(c)'s requirements, Simmons must show that: (1) the amendment arises out of the same conduct, transaction, or occurrence set out in the original pleading;  (2) the new

---

[3]     The Supreme Court and the Third Circuit have made clear that the question of relation back is procedural. *See Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 n.5 (3d Cir. 1995) ("Under *Hanna v. Plumer*, 380 U.S. 460 (1965), the question of relation back is procedural and therefore properly analyzed according to federal practice.").

party is served with the complaint within the period provided by Rule 4(m); (3) the new party

"received such notice of the action that it will not be prejudiced in defending on the merits; and

(4) the new party "knew or should have known that the action would have been brought against

it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c); *see also Arthur*

*v. Maersk, Inc.*, 434 F.3d 196, 207 (3d Cir. 2006).

While Simmons's claims against Dr. Ali may arise "out of the conduct, transaction, or

occurrence set out—or attempted to be set out—in the original pleading," Fed. R. Civ. P.

15(c)(1)(B), the claims do not satisfy Rule 15(c)(1)(C)'s notice requirement.[4]  There is no

evidence to suggest that Dr. Ali "knew or should have known that the action would have been

brought against [her], but for a mistake concerning the proper party's identity."  Fed. R. Civ. P.

15(c)(1)(C)(ii).  *See Wadis v. Norristown State Hosp.*, 617 F. App'x 133, 136 (3d Cir. 2015)

(finding "there was no evidence that . . . defendants received notice of the lawsuit, or had reason

to believe that [Plaintiff] intended to sue them, as required by Rule 15(c)(1)(C)); *see also Glover*

*v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012) ("Put another way, the underlying question for a

Rule 15(c) analysis is whether the original complaint adequately notified the defendants of the

basis for liability the plaintiffs would later advance in the amended complaint." (quotation

omitted))).

An appropriate order follows.

BY THE COURT:


***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.

---

[4]      Dr. Ali also argued that Simmons never served her with the complaint.  Thus Simmons arguably cannot even show that Rule 15(c)(1)(C)'s requirement that a plaintiff provide notice to a party "within the period provided by Rule 4(m)" is satisfied.