IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN SIMMONS,<br><br>    *Plaintiff*,<br><br>  v.<br><br>SIMPSON HOUSE, INC., *et al.*,<br><br>    *Defendants*. | CIVIL ACTION<br>No. 15-06636 |

**PAPPERT, J.**                                  March 30, 2017

<u>**MEMORANDUM**</u>

  John Simmons filed this lawsuit in his own right and as the administrator of his mother Ola's estate. He alleges that Ola Simmons moved into Simpson House Nursing Home because she was suffering from senile psychosis and episodic incontinence. During her five-month stay, she developed pressure sores, experienced excessive weight loss and contracted multiple infections. Ola was transferred to Prime-Roxborough Hospital where her condition continued to decline. After less than a month at Prime-Roxborough, she moved to Kindred Hospital and died roughly two months later while in hospice care.

  John Simmons asserts claims of negligence, wrongful death and survival, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") against Simpson House and Simpson House, Inc. ("Simpson House"), Prime Healthcare Services-Roxborough, LLC ("Prime-Roxborough") and Kindred Hospital-South Philadelphia and Kindred Healthcare Inc. ("Kindred").

  Prime Roxborough filed a partial motion to dismiss Simmons's Third Amended Complaint. (ECF No. 79.) Because Simmons amended portions of his Third Amended

1

Complaint without leave of Court, the Court grants Prime-Roxborough's motion and strikes these paragraphs from the complaint.

## I.

On December 12, 2016 the Court denied Prime-Roxborough's motion to dismiss Simmons's Second Amended Complaint. (ECF No. 69.) The Court granted Simpson House's motion to dismiss with respect to Count 18 (claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law), but gave Simmons leave to amend his complaint—*only* with respect to Count 18. (*Id.* ("Simmons may amend Count 18 of his complaint on or before December 22, 2016."))

Simmons filed his Third Amended Complaint on December 22, 2016. (ECF No. 70.) Prime-Roxborough moves to "dismiss" paragraphs 133(d) and 137, in Counts 3 and 4, from the Third Amended Complaint. (ECF No. 79.) Prime-Roxborough contends that Simmons did not have leave of the Court to amend these paragraphs, and so they should be stricken from the complaint.

## II.

The Court construes Prime-Roxborough's motion as a motion to strike under Rule 12(f) rather than a motion to dismiss under Rule 12(b)(6). *Cf. Phila. Hous. Auth. v. CedarCrestone, Inc.*, 562 F. Supp. 2d 653, 655 n.1 (E.D. Pa. 2008). Federal Rule of Civil Procedure allows a party to amend its pleading once as a matter of course. FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or with the court's leave." FED. R. CIV. P. 15(a)(2).

The Court granted Simmons leave to amend Count 18. Simmons amended his complaint without leave of Court when he added allegations to paragraphs pertaining

to counts other than Count 18. *See* (3d Am. Compl. ¶¶ 133(d) & 137). This violates Federal Rule of Civil Procedure 15. *See* FED. R. CIV. P. 15(a)(2). Simmons's amendments to paragraphs 133(d) and 137 are stricken from the Third Amendment Complaint.

An appropriate order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.
